The Honorable Joe Verser, M.D. Secretary-Treasurer Arkansas State Medical Board P. O. Box 102 Harrisburg, AR 72432
Dear Dr. Verser:
This is in response to your request for an opinion regarding concerning the payment of attorney fees pursuant to Arkansas Code of 1987 Annotated 17-93-303(4), formerly Ark. Stat. Ann. 72-602(J). In your correspondence, you note that a slander action has been instituted against you as a result of comments that you made during a State Medical Board meeting. You have asked the following specific question in this regard:
 I understand that our Medical Practices Act allows the Board to employ attorneys to represent it in all legal matters. Ark. Stat. Ann. 72-602(J). I was wondering if this or any other statute would authorize the Board to pay the expenses I incur in defending this suit?
A.C.A. 17-93-303, which enumerates the specific powers and duties of the Arkansas Medical Board ("Board"), authorizes the employment of legal counsel, in pertinent part, under subsections (3) and (4) as follows:
The board shall:
 (3) Have authority to employ attorneys to represent the board in all legal matters at a compensation approved by the board . . .
 (4) (H)ave authority to employ an attorney to supervise and conduct its investigations and to institute and prosecute actions and charges for the violation of the provisions of the Medical Practices Act, subchapters 2-4 of this chapter. . . . The attorney employed or retained by the board shall make regular reports to the Attorney General of the actions instituted or prosecuted by him.
While it appears from the foregoing that the Board may employ legal counsel to represent the Board and to supervise and conduct investigations, this authority would not appear to extend to the employment of counsel for an individual Board member in a slander action. While the facts surrounding the suit are not fully set forth, it seems that the action is premised upon comments made outside of the member's official capacity in reference to matters not falling within the Board's powers and duties.
These circumstances would probably also preclude the State's payment of attorney fees and court costs under A.C.A. 21-5-802
(Supp. 1987) which provides for reimbursement of fees and costs when an officer or employee is sued ". . . based on an act or omission of the officer or employee while acting within the course and scope of the office or employment and in performance of his other official duties. . . ." 21-5-802(a). Fees and costs will, in that instance, be paid by the State if the Attorney General declined to provide representation and if the officer or employee acted without malice and in good faith.
It must therefore be concluded, based upon the foregoing, that the legal representation authorized under A.C.A. 17-93-303 does not extend to this type of action. Thus, the answer to your specific question is "no."
This opinion is based upon the facts presented in your correspondence. If there exist other material facts outside those contained in your request, corresponding modification of this opinion may be necessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.